# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2021

Lyle W. Cayce
Clerk

No. 20-30434

_____

Joshua Cumberland,

*Petitioner—Appellant*,

*versus*

Darrel Vannoy, Warden, Louisiana State Penitentiary,

*Respondent—Appellee*.

_____

Application for Certificate of Appealability from the
United States District Court for the Eastern District of Louisiana
USDC No. 2:18-CV-9685

_____

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam[*]:

Joshua Cumberland moves for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 application challenging his Louisiana-state convictions for aggravated rape, sexual battery, and molestation of a juvenile. The district court dismissed Cumberland's application as untimely under 28 U.S.C. § 2244(d). Cumberland contends that he is entitled to equitable tolling of the limitations period, or

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30434

alternatively, that he has demonstrated his actual innocence to avoid the time-bar. He further argues that the district court erred in denying him an evidentiary hearing on his actual-innocence claim.

To obtain a COA, Cumberland must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on procedural grounds, we will issue a COA only when the prisoner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Cumberland fails to make this showing, so his COA motion is DENIED. Because Cumberland fails to make the required showing for a COA on his constitutional claim, the Court "ha[s] no power to say anything about his request for an evidentiary hearing." *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).